U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 0 1 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIE BARFIELD | CIVIL ACTION NO. 08-1411 |
| VERSUS | JUDGE DONALD E. WALTER |
| HUNT PETROLEUM CORPORATION | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Strike Plaintiff's Amended Complaint/Joinder and a Motion to Dismiss With Prejudice [Record Documents 56, 64], filed on behalf of defendant, Hunt Petroleum Corporation ("Hunt"). Hunt requests the Court strike the second amended complaint filed by Plaintiff Willie Barfield ("Plaintiff") on July 6, 2009 for failure to comply with the Court's order and to dismiss this matter with prejudice. For the following reasons, Hunt's motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

### I.    FACTUAL BACKGROUND

Plaintiff filed his original complaint in this Court on September 22, 2008. [Rec. Doc. 1]. On March 30, 2009, Plaintiff filed his first amended complaint asserting he is entitled to $100 million damages and restoration of the mineral rights illegally seized from him. Plaintiff alleges that he and his co-heirs inherited the property and mineral rights at issue through his mother's succession. [Rec. Doc. 26]. A May 31, 1995 judgment, attached to his pleadings, lists the following individuals as heirs of Annie Barfield who hold an interest in the property at issue: Prentis Boston, James Boston, Lee Wilson Boston, Georgia Mae Knox, Annie Lee Martin Walker, Vennie McFarland, Effie C.

Page 1

Foster, Sherry Lynn Martin Austin, Annie Loue Martin Tatum, Lucille Martine Bolds, Linda Martin Nash, Richard L. Martin, Melvin Martin, Willie L. Martin, Theotis L. Martin, and Larry Martin.

On April 9, 2009, Hunt filed a Motion for Joinder Pursuant to FRCP 19 and/or to Dismiss Pursuant to FRCP 12(b)(7). [Rec. Doc. 29]. The Court granted Hunt's motion and ordered Plaintiff join "his co-heirs, any mineral lessors or lessees that have a potential interest in the property, and any other person required to be joined if feasible pursuant to Federal Rule of Civil Procedure 19" within thirty days of the order (or by June 26, 2009). [Rec. Doc. 45]. The Court warned Plaintiff that failure to join the necessary parties within thirty days would result in dismissal of his action.

On June 15, 2009, Plaintiff filed his first amended complaint, alleging that neither he, his co-heirs, nor his mother assigned or sold the mineral rights associated with the property at issue. [Rec. Doc. 54]. However, Plaintiff failed to request leave of court to file the amended pleading and the first amended complaint was marked "Deficient" by the Clerk of Court. [Rec. Doc. 55]. Plaintiff then filed his second amended complaint on July 6, 2009, which is nearly identical to his first amended complaint. [Rec. Doc. 61]. In the caption, Plaintiff lists the following co-heirs as plaintiffs: Prentis Boston, Lee W. Wilson Boston, James Boston, Georgia Mae Knox, Annie Mae Walker, Vennie Lee McFarland, and Effie C. Foster. Plaintiff acknowledges that most of these co-heirs are deceased, but he did not attempt to join any other individuals or entities, other than an "unknown Jane Doe Woman in Alexandria, Louisiana." Georgia Mae Knox and Effie C. Foster, two of his siblings, are the only co-heirs listed in the second amended complaint who are living and were able to sign the second amended complaint. *Id.*

Hunt filed the instant motion to dismiss arguing Plaintiff's second amended complaint was untimely and should be stricken. Even if Plaintiff's second amended complaint was timely, Hunt

asserts Plaintiff failed to properly join all necessary parties under Rule 19 as required by this Court's May 26, 2009 order and, therefore, this matter should be dismissed with prejudice.

## II. DISCUSSION

### A. Timeliness of Second Amended Complaint

In its May 26, 2009 Order, the Court gave Plaintiff thirty days from the date of the order to "join his co-heirs, any mineral lessors or lessees that have a potential interest in the property, and any other person required to be joined if feasible pursuant to Federal Rule of Civil Procedure 19." [Rec. Doc. 45]. Plaintiff's amended complaint was due June 26, 2009. The second amended complaint, filed ten days later, is untimely. Nevertheless, the Court acknowledges Plaintiff is proceeding as a *pro se* litigant and attempted to file an amended complaint on June 15, 2009, within the requisite time period. Thus, the Court will not strike Plaintiff's second amended complaint as untimely.

### B. Sufficiency of Second Amended Complaint

Federal Rules of Civil Procedure 19 provides in pertinent part:

**(a) Persons Required to be Joined if Feasible**

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest.

According to the documents submitted by Plaintiff with his pleadings, the necessary parties include all of the co-heirs identified in the May 31, 1995 judgment. Plaintiff's second amended complaint lists only the heirs who inherited a 1/9 interest in the property, but did not include the nine other heirs that received a 1/81 interest in the property.[1] Nor did Plaintiff join any heirs or succession representatives of his deceased co-heirs,[2] the oil companies which allegedly drilled on his mother's property, or J.O. Evans, the purchaser of his mother's mineral rights as evidenced by the May 3, 1968 and October 5, 1978 Sale of Mineral Rights.

Furthermore, while Plaintiff's two living siblings, Georgia Mae Knox and Effie C. Foster, have joined the suit, neither individual is represented by counsel nor have they petitioned the Court to proceed *in forma pauperis*. As a *pro se* plaintiff, Mr. Barfield is entitled to represent himself but he is not allowed to represent others. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in a federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer").

## III. CONCLUSION

Accordingly, the Court finds Plaintiff failed to join all necessary parties under Rule 19 as required by this Court's on May 26, 2009 Order. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

---

[1] The following co-heirs received a 1/81 interest in the property: Sherry Lynn Martin Austin, Annie Loue Martin Tatum, Lucille Martine Bolds, Linda Martin Nash, Richard L. Martin, Melvin Martin, Willie L. Martin, Theotis L. Martin, and Larry Martin.

[2] A deceased individual is not a proper party to a lawsuit. Rather, his heirs or succession representative are the proper parties. *See* Fed. R. Civ. P. 17(b); *Magee v. Stacey*, 223 So.2d 194, 195 (La.App. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 30 day of Sept, 2009.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE